IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX-ASSINNIBOINE CORRECTIONS and ROOSEVELT COUNTY DETENTION CENTER,<br><br>Defendants. | CV 15-00030-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Gregory Wallace filed a Complaint that this Court screened pursuant to 28 U.S.C. § 1915(e)(2)(B). The Complaint failed to state a claim upon which relief could be granted. (May 19, 2015 Order, Doc. 4.) As it might have been possible for Mr. Wallace to correct the defects by alleging additional facts, Mr. Wallace was given the opportunity to file an amended complaint. On June 24, 2015, Mr. Wallace filed an Amended Complaint. (Doc. 6.)

In the Court's prior Order, Mr. Wallace was specifically advised that once he filed an amended complaint, it would replace the original complaint and the original complaint would no longer serves a function in the case. (Doc. 4 at 12, *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Accordingly, the Court will screen only those allegations raised in the amended complaint.

1

In his statement of claims, Mr. Wallace indicates that the incidents at issue occurred in June and July 2010. (Amd. Complt. Doc. 6 at 9.) As Mr. Wallace was advised in the Court's prior Order, the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Mr. Wallace was specifically advised that he could not bring any claims pursuant to 42 U.S.C. § 1983 that occurred prior to March 30, 2012, three years prior to the filing of the Complaint. As he is seeking damages based upon incidents that occurred in 2010, this matter should be dismissed for failure to file within the applicable statute of limitations.

## "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Wallace's failure to file within the applicable statute of limitations.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wallace may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 8th day of October, 2015.

                                       */s/ John T. Johnston*
                                       John T. Johnston
                                       United States Magistrate Judge